UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Lenora Bromfield,
     Petitioner et. al.,

Case No.    **3:20cv1529(SRU)**

-vs-

COMPLAINT

BANK OF AMERICA NA SUCCESSOR
BY MERGER TO BAC HOME
    Kevin Patrick Defendant,

CONSTITUTIONAL VIOLATIONS
TITLE 42 1983, 1985, & 1986
DENIAL OF DUE PROCESS
FRAUD
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS

MCALLA RAYMER LEIBERT PERICE LLC
    Kevin Patrick Polansky Defendant,

CAYO & ASSOCIATES, LLC
    Andrew Cayo, Defendant,

CONSPIRACY
MALISCIOUS ABUSE OF PROCESS
MAIL FRAUD
FRAUD

HUNT, LIEBERT, & JACOBSON
Jeffrey Knickerbocker,
    Defendant,

AGNELLI REAL ESTATE
    Defendant, James Macchio

AGNELLI REAL ESTATE
    Defendant Sheldon E. Haag,
and

JOHN AND JANE DOE 1 thru 20
Glass & Braus, LLC
Attorneys At Law
25 Lindbergh Street
Fairfield, Connecticut, 06824

JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1.    Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, 1343(a) (civil rights and elective franchise), and 1367(a) (supplemental jurisdiction): 42 U.S.C. §§ 1983 (civil action for deprivation of rights), 1985(3) (conspiracy to interfere civil rights), 1986, and 1988 (proceedings in vindication of civil rights); and 18 U.S.C. §§ 1341, 1511; 1961 (and statutes cited therein) through 1967.

2.    Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 1 and arises under the doctrine of pendent jurisdiction as set forth in ***United Mine Workers v. Gibbs, 383 U.S. 715 (1966).***

CAUSE OF ACTION

Now comes the Lenora Bromfield (Hereinafter Petitioner) to redress his grievances according to the 1st Amendment of the U.S. Constitution. The Petitioner resides in the Township of Bridgeport, State of CT. Defendant, BANK OF AMERICA NA SUCCESSOR BY MERGER TO BAC HOME et.al. corporation upon information and belief are all doing business in the County, Of Fairfield the State of Connecticut.

On or about January 31, 2008 said mortgage was assigned by BANK OF AMERICA NA SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING. Unbeknownst to Petitioner she signed an unconscionable contract to purchase the property located at 66 Washington Terrace, Bridgeport, CT. *Williams vs. Walker-Thomas Furniture 350 F.2d 445 (D.C. Cir 1965)* An alteration of a note according to UCC 3-407 is an unconscionable contract, making the note void ab nitio. At all times relevant Petitioner was not provided evidence of a note. This is the reason the note hasn't been provided in the foreclosure proceedings.

Upon an astute observation of the procedure to purchase the property there was fraud in the factum. At all times relevant to this matter, Petitioner was not aware of being induced into signing the promissory note. Petitioner was not aware of the lender obtaining the promissory note, and the profit thru the mortgage back security scheme of Defendant. An unknown monetary amount was acquired by Plaintiffs obtaining a blue ink signature on the promissory note. At no time was Petitioner given a reasonable opportunity to learn of its fraudulent character, or essential terms. An intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Which is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed,

which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

*Brainard Dispatch Newspaper Co. v. Crow Wing County, 196 Minn,. 194, 264 N.W. 779, 780.*

A generic term, embracing all multifarious means which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions or by suppression of truth, and includes all surprise, tricks, cunning, dissembling, and any unfair way by which another is cheated. *Johnson v. McDonald, 170 Okl. 117, 39 P.2d 150.* "Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc. *Joiner v. Joiner, Tex.Civ.App., 87 S.W. 2d 903, 914, 915.*

Upon the looks of things Petitioner thought that he had obtained a loan for the property. When in fact the Pirates created funds obtained by Petitioner signature on the promissory note.  An astute observation of the procedure to file a lien on the subject property, is a cognizable fact. The property was in Petitioner's name first before the lien was put on the title. Upon an observation of Black's Law 5th Edition page 844, a loan is a sum of money upon agreement.  At no time of the transaction to purchase the property was there an exchange of any sum of money to Petitioner.  At the time of the transaction, there was fraud in the inducement in connection with the underlying transaction and not with the nature of the contract or document signed.  Defendant gave Petitioner a doctrine of unclean hands. *Shondel v. McDermott, C.A. Ind.775 F. 2d 859, 868.*  At all times relevant to this matter Petitioner is entitled to a remedy. The contract was unconstitutional and void on its face, which is void ab initio.  Which has no legal force or binding effect; unable in law to support the purpose for which it was intended. *Hardison v. Gledhill, 72 Ga. App. 432, 33 S.E.2D 921, 924* The contract is one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other. *Hume v. U.S., 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 39*3   A lawful

EXHIBIT A

After recording please return to:
HUNT LEIBERT JACOBSON PC
50 Weston Street
Hartford CT 06120

BK: 8090 PG: 262
INST: 00021865

## ASSIGNMENT OF MORTGAGE

KNOW YE THAT Mortgage Electronic Registration Systems, Inc. as Nominee for Lend-Mor Mortgage Bankers Corp., ("Assignor"), having an office and place of business at 3300 SW 34th Avenue, Suite 101, Ocala, FL 34474 for the consideration of One Dollar and other valuable considerations, does hereby assign to BAC Home Loans Servicing, L.P., a corporation, having an address of 101 South Tryon Street, Charlotte, NC 28255, its successors, and assigns forever, all the right, title, interest, claim, and demand whatsoever as the said Assignor has or ought to have in or to a certain mortgage from Lenora Bromfiled to Mortgage Electronic Registration Systems, Inc. as Nominee for Lend-Mor Mortgage Bankers Corp. dated January 31, 2008 and recorded on February 15, 2008 in Volume 7749 at Page 267 of the Bridgeport Land Records, in or to the property described in said mortgage deed situated in the Town of Bridgeport, County of Fairfield and State of Connecticut, without warranty or representation by, or recourse to, said Assignor.

TO HAVE AND TO HOLD the premises, with all the appurtenances, unto the said Assignee, its successors and assigns forever, so that neither the Assignor nor its successors, nor any other person under it or them shall hereafter have any claim, right or title in or to the premises, or any part thereof; but therefrom it is and they are by these presents forever barred and secluded.

IN WITNESS WHEREOF, on the 15th day of September, 2009, said corporation has caused this deed to be executed and delivered, and its corporate seal to be hereto affixed in its behalf by Jeffrey M. Knickerbocker, who is duly authorized and empowered.

Signed, sealed and delivered
In the presence of:

By: _____

_____

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR LEND-MOR MORTGAGE
BANKERS CORP.

By: _____
Jeffrey M. Knickerbocker

Its: Assistant Secretary and
Vice President

## ACKNOWLEDGMENT

State of Connecticut
County of Hartford

On September 15, 2009 before me, Amy L. Spears, personally appeared Jeffrey M. Knickerbocker, Assistant Secretary and Vice President of MERS, Inc. who provided to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he has executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____
Amy L Spears
My Commission Expires 1/31/2012

PROPERTY:
66 Washington Terrace
Bridgeport, CT 06604
Bromfield, Lenora
04476-01592

RECEIVED FOR RECORD
Sep 16, 2009 10:33:51A
ALMA L. MAYA
TOWN CLERK
BRIDGEPORT, CT

EXHIBIT B

**Linked**in

Join now   | Sign in |

Jeffrey Knickerbocker



# Jeffrey Knickerbocker

Associate Attorney at Bendett and McHugh, P.C.

Hartford, Connecticut · 288 connections

Join to Connect

Law Firm of Bendett & McHugh

## Activity



### This is clever! 😄🎄 #merrychristmas2019
Liked by Jeffrey Knickerbocker



### Can vaccine stockpiles prevent the next pandemic?
Liked by Jeffrey Knickerbocker

## Experience

### Associate Attorney
Law Firm of Bendett & McHugh

**Linked**in    Join now    Sign in

Jeffrey Knickerbocker

Hunt Leibert Jacobson, P.C.

May 2007 – Sep 2014 · 7 years 5 months

Hartford, Connecticut Area



### Assistant Staff Judge Advocate
United States Air Force
Oct 1997 – Feb 2002 · 4 years 5 months

### Management Analyst
Connecticut Department of Motor Vehicles
1990 – 1997 · 7 years

## Groups

 **LAW JOBS NETWORK - #1 Legal Careers Group**

## View Jeffrey's full profile

See who you know in common

Get introduced

Contact Jeffrey directly

Join to view full profile

## People also viewed

 **Daniel Bishop, Esq.**
Associate Attorney at Pavano | Dombrowksi, LLC / Super Lawyers Connecticut Rising Star 2019 & 2020

**Linked** in                                                           Join now      Sign in

Jeffrey Knickerbocker



### Corey Rashkover
Associate Attorney at Moses & Singer LLP
New York, NY



### Evan E. D'Amico
Attorney Handling Complex Real Estate and Commercial Litigation at Rosenberg & Estis, P.C.
New York, NY



### Meg Flannery
Assistant U.S. Attorney (EDPA)
Philadelphia, PA



### Ryan Landry
Associate Attorney at Boyle | Shaughnessy Law
Greater Boston



### Mario Musilli
Attorney at Mario P. Musilli
Stamford, CT



### William Davenport
Attorney
Greater Hartford



### Lucas Rocklin
Principal and Creditor Rights Attorney at Neubert, Pepe & Monteith, P.C.
New Haven, CT



### Kristyn Dery Kaupas
Attorney at Kiernan Trebach
Boston, MA

Show more profiles ⌄

## Others named **Jeffrey Knickerbocker**



### Jeffrey Knickerbocker
Clinical Laboratory Director / Embryologist at VIERA FERTILITY CENTER, LLC

**Linked** in    Join now    Sign in

Jeffrey Knickerbocker



**Jeffrey Knickerbocker**
Owner at Knickerbocker Fence and Deck
Jackson, MI



**Jeff Knickerbocker**
IT Director at Spatial Informatics Group, LLC
Fremont, CA

12 others named Jeffrey Knickerbocker are on LinkedIn

See others named **Jeffrey Knickerbocker**

## Add new skills with these courses

**Understanding Trade Secrets: A Deeper Dive**

**Windows 10 May 2020 Update Essential Training**

**Contracting for Consultants**

See all courses

## Jeffrey's public profile badge

Include this LinkedIn profile on other websites

**Jeffrey Knickerbocker**
Associate Attorney at Bendett and McHugh, P.C.

**Linked in**

Join now     Sign in

Jeffrey Knickerbocker

View profile badges

© 2020                          About

Accessibility                    User Agreement

Privacy Policy                   Cookie Policy

Copyright Policy                 Brand Policy

Guest Controls                   Community Guidelines

Language

You can ask for permission to take part in the proceeding by phone by filing a Caseflow Request. You can find the Caseflow Request form, JD-CV-116, at: www.jud.ct.gov/webforms.

But, the court will only give you permission to take part by phone if the court finds that there is a good reason for you to take part by phone instead of by video.

---

Join Microsoft Teams Meeting

+1 860-241-5230   United States, Hartford (Toll)

Conference ID: 912 300 931#

Local numbers | Reset PIN | Learn more about Teams | Meeting options

---

## [Teams Meeting Info]

2.  Preventing Delays

In order to prevent delays because of technical issues, please:

- Make sure that your computer, mobile device, or phone is charged or plugged in before this proceeding;

- Access the proceeding at least 5 minutes early to make sure that your computer, mobile device, or phone and, if you're taking part in the proceeding by video, your internet are working correctly; and

- Have someone who can be ready to help you with technical issues if you need help accessing the proceeding or a technical issue comes up during the proceeding.

3.  Recording this Proceeding

You are NOT allowed to record this or any other remote court proceeding.

If this proceeding is a hearing on the record, a Court Monitor will record it, and you will be able to get the transcript or audio recording after the proceeding if you need it.

4.  Requirements for this Proceeding

Please refer to the notice that the court sent you about this remote proceeding for any specific requirements that you need to follow for this proceeding.

There is additional information and links to resources that may be of assistance to you on the following pages. If you have any questions about how to access this remote proceeding or any requirements that you need to follow, please e-mail me.

Caseflow Coordinator

*Caseflow.Coordinator@jud.ct.gov*

Case 3:20-cv-01529-SRU   Document 1   Filed 10/07/20   Page 11 of 33

Phone:   Christopher Picard 860 808 0606;   Benson Oyikoba Benson 203 218 9301.

William.gildea@jud.ct.gov       Andrew.cucuzza@jud.ct.gov

> 31    invite.ics
        7.8kB

        Additional Informaton and Resources for Remote Matters.pdf
        627.7kB

> 31    Untitled
        7.7kB

consideration must exist and be tendered to support the Note. ***Anheuser –Busch Brewing Co. v.***

***Emma Mason, 44 Minn. 318, 46. N.W. 558*** The Federal Reserve & National Banks exercise an

exclusive monopoly and privilege of creating credit and issuing their Notes at the expense of the

public which does not receive a fair equivalent.  No rights can be acquired by fraud.  ***See Craig***

***v. Mo. 4 Peters*** reports 912 Courts can only tread only that path which is marked out by duty.

See ***Credit River Decision Judge Martin V. Mahoney*** The Credit River Decision has never been

overturned.  The right to a remedy should been enforced or the violation of a right should be

prevented, redressed, or compensated. ***Long Leaf Lumber, inc. v. Svolos, La. App., 258 So.2d***

***121, 124.***  When exhibits are attached to a complaint the contents of the exhibits control over the

allegations of the complaint.  ***Hunt Ridge at Tall Pines, Inc. v. Hall 766 So. 2d 399-Fla. Dist.***

***court of Appeal, 2nd Dist. 2000.*** When a legal right is violated to the injury of another a right of

action is created, and the injured party may put in motion the law of the remedy against the

wrongdoer. ***Vasu v. Kohlers, Inc., 145 Ohio St. 321, 30 Ohio Op, 542, 61 N.E.2d 707, 166***

***A.L.R. 855 (1945)***

      The Defendants McCalla Raymer Leibert Pierce commenced the foreclosure filing on

July 24, 2012.  At all times relevant Jeffrey M. Knickerbocker (Hereinafter JMK) has had a

conflict of interest in the case.  JMK was employed with HUNT, LIEBERT, & JACOBSON P.C.

May 2007- Sept. 2014. ***See Exhibit A*** See the Assignment of Mortgage Affidavit signed by

Jeffrey Knickerbocker as it's Assistant secretary and vice President.  This document is

acknowledged and sworn in September 15, 2009 before a notary.  ***See Exhibit B*** Providing

evidence of a conflict of interest which caused the injury to now Petitioner.  Generally, when

used to suggest disqualification of a public official from performing his sworn duty, term

"conflict of interest" refers to a clash between public interest and the private pecuniary interest of

EXHIBIT C1

FOR YOUR PROTECTION SAVE THIS COPY

**Customer Copy**

## MONEY ORDER

013497455

749 - Stratford
Stratford, Connecticut

**Service Instructions**
FOR STOP PAYMENTS, PHOTOCOPIES, OR ANY OTHER SERVICE REQUIREMENT,
CONTACT CITIBANK N.A. AT 1-888-556-5142

Date   01/11/2017

Pay To The
Order Of

$   500.00   ***

Pay   FIVE HUNDRED DOLLARS AND 00 CENTS

*Lenora Bromfield*
SENDER

NOT VALID FOR MORE THAN $2500.00

**TERMS**
PURCHASER/DRAWER AGREES TO ENTER THE NAME OF A PAYEE AND SIGN THE INSTRUMENT IMMEDIATELY UPON
PURCHASE. FAILURE TO DO SO WILL RESULT IN THE PURCHASER/DRAWER BEARING THE RISK OF ANY LOSS OR
THEFT OF THE INSTRUMENT.

FORM NO. SP-OBT-T-121 (4/08)

---

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.          CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

## MONEY ORDER

013497455        62-20
                 311

Date   01/11/2017

749 - Stratford
Stratford, Connecticut

Pay To The
Order Of     *Andre Cayo*

$   500.00   ***

Pay   FIVE HUNDRED DOLLARS AND 00 CENTS

*Lenora Bromfield*
SENDER

66 Washingt Terr. Brudgeport CT. 06604
ADDRESS:

Issued by: Citibank N.A. One Penn's Way, New Castle, DE 19720
For information about this instrument, call: 1-888-556-5142

NOT VALID FOR MORE THAN $2500.00

MEMO

⑈013497455⑈ ⑆031100209⑆     38774212⑈

LAW OFFICES OF
**CAYO & ASSOCIATES, LLC**
1018 BROAD STREET – SUITE 131
BRIDGEPORT, CT 06604

*EXHIBIT C2*

PHONE: (203) 517-0417
FAX: 203-517-0418
cayolaw@gmail.com

**Retainer Letter Agreement**

**Client Name:**   LENORA BROOMFIELD

**Property Address:** 66 Washington Terrace, Bridgeport, CT 06604
**FBT-CV12-6029073-S BANK OF AMERICA NA SUCCESSOR BY MERGER TO BAC HOME v. BROMFIELD, LENORA**

Dear Ms. Broomfield:

Dear Mr. Moore:

Thank you for engaging this firm to provide legal representation and advice to you in connection with your Foreclosure Action. In this regard, we will work with you in order to resolve this matter. If the need to appear in court is required, we will represent you in litigation concerning said property.

Listed below, are options of payment in order to handle your case. Please select one of the three that best suits your need (if you would like a different option, please present it to us):

| | |
|---|---|
| **OPTION 1** | **HOURLY CHARGE**. My time will be billed out at $250.00 per hour for Pretrial and $450.00 for Trial for this matter **in addition to you paying all out-of-pocket expenses**. *(Arguing one motion for example may take 3 to 4 hours of Court appearance and travel. Drafting and filing a motion may take 1 to 2 hours. Reading pleading and papers from bank may take at least 1 hour.)* We will require a $4,000.00 retainer to be paid immediately in order to commence our work. Should litigation become necessary, you will pay an additional $4,000.00 retainer, and you agree that your failure to pay such retainer will relieve this firm from appearing in (or advancing) any litigation on your behalf. The retainer shall be held in our Clients' Funds Trust Account subject to disbursement for out of pocket expenses and earned fees. You agree to replenish the retainer in a like amount on an ongoing basis if and when the balance in our account falls below $2,000.00. |
| **OPTION 2** | CONTINGENCY + FLAT MONTHLY FEE in lieu of retainer.<br>1) one third (1/3) of your mortgage payment up to $1,500.00 but no less than $500.00 per month<br>2) AN ASSIGNMENT OF RIGHT to one third (1/3) of the value of your loan balance, if the firm gets the bank or lender to release your mortgage as a result of this litigation (including arrearage and late fees). This means you will then own your house free and clear of the loan.<br><br>Your monthly payment to us in addition to your initial fee to review and prepare a defend the case will be $400.00 starting on 11/10/2015 and every 10th of month thereafter<br><br>If your case goes to trial before making at least $10,000.00 payment to the firm, you agree to pay an additional $200.00 per hour to cover your cost of going to TRIAL. If you case goes to trial after you have made $10,000.00 total payment to the firm, you agree to pay an additional $125.00 per hour to cover your cost of going to TRIAL.<br><br>You agree that your failure to pay one payment when due will relieve this firm from appearing in (or advancing) any litigation on your behalf and the firm has the right to withdraw his appearance on your behalf.<br><br>You agree to also maintain an appearance in the case in addition to my appearance which means you will be representing yourself and I will be your attorney and advisor and you will be able to file papers on your behalf. You agree to complete an appearance as prose and you authorize the firm/attorney to file the appearance on your behalf in order to withdraw this law firm or attorney Andre Cayo when it becomes difficult for you to make payments. |

Page 1-2

This option will cover your attorney's fees for going to TRIAL but will not cover cost associated with litigation like copying, depositions, expert witnesses, etc.

You agree that the firm is entitled to one third (1/3) of the balance of your mortgage balance at the time it is released in consideration for the reduced attorney's fees. You authorize attorney Andre Cayo to record this lien only in the event that the mortgage associated with this case is released during this litigation.

Although I will be primarily responsible for assisting you in this matter, as warranted by the circumstances, the services of others in the firm will be utilized in conjunction with your matter. My legal assistant is Jonas Pierre, J.D.; he will be able to help you when I am unavailable. Given my trial schedule and other commitments, I urge you to utilize his services as often as necessary. Because it is not always possible for me to return phone calls the same day, the best way to get in touch with me is by email.

## SCOPE OF REPRESENTATION:
This firm will provide its best efforts to you and work with you to achieve your desired result which is (check all that apply and put the priority # in the box you check):

| [ ✉ ] Loan modification | [  ] Repayment | [  ] Reinstatement |
| [  ] Short Sale | [  ] Deed in lieu | [  ] Modification of sale date/law day |
| | [  ] Opening of judgment | [  ] Defend foreclosure action |
| | | |

[   ] **Other**: Based on your preliminary review with counsel and conversation with your helper, it appears that a Summary judgment was granted prematurely on 5/21/2015 which then cause a judgment of foreclosure to be granted. I will attempt to undo the Summary judgment based on the bank requesting an extension of time to comply with discovery on that same date of 5/21/2015.

s showing two separate tracks. A motion to dismiss based on the track not alleged should be considered and filed at the appropriate time to defeat the current allegations/track and also because of the fact that the Plaintiff has brought this action as an owner , not a servicer when they are not the owner at land of records.

However, our fee represents a charge for services rendered by the firm and is not contingent upon successful completion of your matter or the results achieved by you, nor do we guaranty recovery from any source. We will keep you advised of all developments in this matter, and request that you continually update us with information that is relevant to your matter.

## CONSENT TO ELECTRONIC NOTICE AND COMMUNICATION:
I consent to the firm using my email address: __BROMFIELDLENORA@YAHOO.COM___, for the purpose of sending me notification and notices.

## UNDERSTANDING:
By signing this agreement you agree to pay attorneys' fees and all out-of-pocket expenses base on your selection above as the matter progresses, and you specifically authorize this firm to take such payment out of any retainer balance held in trust for that purpose. If you have chosen the hourly option, I will provide you with periodic statements reflecting time and disbursements incurred on your behalf. If you have chosen a flat fee, payment is expected each month on the

Page **2** of 3

same day you signed this agreement; an invoice will not be sent to you. To the extent not covered by your retainer balance, payment is expected within 15 days of the receipt of each invoice and this firm reserves the right to charge interest of one percent per month on balances greater than 30 days past due. You also agree to pay all costs of collection, including attorneys' fees, if it is necessary to collect on a past due account. We reserve the right to alter our fees at the beginning of each calendar year.

Again, thank you for engaging this firm. Please indicate your acceptance by signing and returning the enclosed copy of this letter together with $1,000.00 fee as advance payment for the next two months. You will be entitled to a refund of any months for which   No work will begin on your matter unless and until we are in possession of a fully executed retainer agreement and the requested retainer. If you have any questions, please do not hesitate to contact me.

We look forward to working with you.
LAW OFFICES OF
CAYO & ASSOCIATES, L.L.C.

**I ACCEPT AND AGREE TO THE ABOVE TERMS:**

Signature: *Lenora Bromfield*     11-10-2015
                                                          Date

Type Name: LENORA BROMFIELD

Page **3** of **3**

EXHIBIT D

09/30/2020



urgent - Please call me

## FORECLOSURE
**THIS IS NOT A NOTICE TO VACATE**

ATTENTION: There has been a change in ownership of this property. PLEASE READ

**THIS IS NOT A NOTICE TO VACATE**

The property has been foreclosed on. I stopped by today to introduce myself as the intermediary between the occupants and the new owner. I will be your point of contact for your assistance in the next steps.

It's very important you call, text, or email me to confirm the property is occupied so the new owner does not rekey and winterize.

**THIS IS NOT A NOTICE TO VACATE**

Please give me a call right away to discuss your options. Financial assistance may be provided. We are here to assist and make this as smooth as a process. Thank you.

**Sheldon E. Haag**

Agnelli Real Estate

James Macchio Executive Realty Team

39 New London Turnpike, Suite #220

Glastonbury, CT 06033

**Cell: 203-947-5362**

Text: 475-329-0241

Licensed in state of CT, NJ, NY



the individual concerned. *Gardner v. Nashville Housing Authority of Metropolitan Government of Nashville and Davison County, Tenn., C.A.Tenn., 514 F.2d 38, 41*. On November 10, 2015 Petitioner signed a retainer letter agreement at the law office of CAYO & ASSOCIATES, LLC Attorney Andrew Cayo for a loan modification. The upfront fee was $1,000 signed on a retainer and Letter Agreement. Petitioner paid an additional $400 per month for 16 months and did not get the loan modification. Yet, the homes payments were going into arrearages not being modified. Which has caused a financial hardship that can only be reversed by this honorable court's judgement. *See Exhibit* C1 and C2 An astute observation of the procedure and contract shows unconscionable contract. A doctrine in which courts may deny enforcement of unfair or oppressive contracts because of procedural abuses arising out of the contract formation, or because of substantive abuses relating to terms of the contract, such as terms which violate reasonable expectations of parties or which involve gross disparities in price; either abuse can be the basis for finding unconscionability. *Remco Enterprises, Inc. v. Houston, 9 Kan.App.2d. 296, 677 P.2d 567, 572.* Providing an unconstitutional act which is contrary to or in conflict with a constitution. The opposite of "constitutional" *Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178.* Agnelli Real Estate Agent has constantly participated in the conspiracy saying that the house has changed ownership. This notice has been constantly put on my door. *See Exhibit D* Yet, the property has not had a Sheriff's sale. Which is an additional violation of the proper procedure for an eviction or any type of notice. One would certainly see this as harassment and conspiracy with the all of the Defendants.

As defined in federal statute providing for a civil action to restrain harassment of a victim or witness, is "a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." 18 U.S.C.A.§ 1514 (c )(1).

In which the foreclosure process has been a complete violation of my rights by fraudulent procedures. The Connecticut Constitutional expresses the fundamental principle that whenever there is a right there is a remedy in the provision: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay" Connecticut Const. Art. 1, § 6.

## FACTS

Defendants have violated Title 18 U.S.C. 241, 242, obstructing of Justice. This is a violation of a Federal statute which is cognizable when the violation trammels a right secured by federal law.

Upon the preponderance of the evidence, facts, and exhibits a reasonable mind can Determine a conspiracy against Petitioners rights. All of the Defendants are the "moving force" behind Petitioners deprivations ***Monell, 436 U.S. at 694.*** State Officials and Police Officers take an Oath of Office to uphold and protect the U.S. Constitution. Thereby definition federal, government, and State Officials, are to obey the U.S. Constitution, and statutes. To say otherwise, would leave out Defendants as having no responsibility to the Constitution and having no access to a Court for redress of grievances to hear violations of Plaintiff's Constitutional rights. Petitioner has a right to expect that government and court officials would do their duty to protect me and my property. Instead, the Defendant's engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense". ***Collins v. City of Harker Heights, Texas, 503 U.S. 115, 128 (1992); Rymer v. Douglas County, 764 F..2d 796, 801 (11th Cir. 1985).*** In addition to providing a remedy for deprivations of constitutional rights, section 1983 also makes actionable violations of federal ***"Laws." Maine v. Thiboutot, 448 U.S. (1980).***

All of the Officials are not entitled to Official Immunity for the following reasons and other

Issues.

The actions of the Defendants violated clearly established Constitutional rights which a reasonable person would have known and recognized. The Defendants took the described actions with the malicious intent to cause injury to Plaintiff.  State Official lacked jurisdiction to have a sale.  All of the Officials aided and abetted in a conspiracy to commit larceny.  The issue is presented is thus clearly drawn.  As preliminary matter let us consider two well-established legal doctrines pertinent in this case.  First the corporation is liable for the tort of its agent when committed with the scope of the agent's authority and course of employment even thought did not authorize or ratify the tortuous acts. ***Russell v. American Rock Crusher Co., 181, 894, 317 P.2d 847 (1957).***  A related rule of law states a principal is responsible for the torts of its agent where the tortuous acts are incidental to and in furtherance of the principal's business, even though outside the scope of the agent's authority.  ***Williams v. Community Drive-In Theater, Inc., 214 Kan. 359, 520 P.2d 1296(1974).*** Second punitive damages are appropriate when the elements of fraud, malice, gross negligence, or oppression accompany the wrongful act.  Such damages are awarded to punish the wrongdoer for his malicious, vindictive, willful, or wanton invasion of the injured person's rights.  They also serve as an example to restrain and deter others from the commission of such wrongs.  ***Augusta Bank & Trust v. Broomfield, 231 Kan. 52, 63, 643 P.2d 100(1982); Newton v. Hornblower, Inc. 224 Kan. 506, 525, 582 P.2d 1136 (1978).***

If the servant has committed a tort within the scope of his employment so as to render the Corporation liable for compensatory damages, and if the servant's act is such as to render him liable for punitive damages. ***Stroud v. Denny's Restaurant, 271 Or. 430, 435, 532 P.2d 790 (1975).*** For Mens Rea it is necessary to prove that the purpose of the conspirators was to cause

the victim economic loss" (*per Lord Diplock vs. Scott*) *for the test of Dishonesty, see R v Ghosh*

*(1982) 2 All ER* If now Defendants are successful in the sale of Petitioners property. The UCC

States clearly established law for the

PLAINTIFF AND/OR PLAINTIFFS CANNOT HAVE ALL THREE (3).

It is repugnant in equity that any Plaintiff and/or Plaintiffs will garner all three (3) aspects

of the purported "agreement" if Plaintiff and/or Plaintiffs prevail in this issue. The three material

issues in this Suit are: i) the real property; ii) the Note; iii) the money. It is a material fact

that the U.C.C. prohibits such an unjust enrichment windfall, as evidenced by U.C.C. § 3-

501(B)(2).

Pursuant to, inter alia, U.C.C. § 3-501(B)(2), Plaintiff hereby Demands Plaintiff(s) i) to

Exhibit for Inspection to this Court and Plaintiff the Instrument; and ii) provide this Court

Reasonable Evidence of Authority to do so; and iii) Surrender the Instrument if Plaintiff's are

successful in stealing Plaintiff's home.

See: U.C.C. § 3-501. PRESENTMENT.

(b) The following rules are subject to Article 4, agreement of the parties,

and clearing-house rules and the like:

(2) Upon demand of the person to whom presentment is made, the person making

presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if

presentment is made on behalf of another person, reasonable evidence of authority to do

so, and (iii) sign a receipt on the instrument for any payment made or surrender the

instrument if full payment is made. (Emphasis added)

COUNTS AND CHARGES

(1) Violation of 42 U.S.C.§1983,

(2) Violation of 42 U.S.C. §1983 and 1985(3): conspiracy,
(3) Violation of 42 U.S.C. §1983: refusing or neglecting to prevent
(4) Malicious abuse of process,
(5) Title 18 U.S.C. Section 241 and 242 conspiracy,
(6) Intentional infliction of emotional distress,
(7) Mail Fraud
(8) Fraud

## COUNT 1: VIOLATION OF 42 U.S.C. § 1983

1.      At all times relevant herein, the conduct of all Defendants are subject to U.S.C. §§1983, 1985, 1986, and 1988.

2.      Acting under the color of law, Defendants conspired to deny Petitioner rights privileges, and immunities secured by the United States Constitution and Federal Law.

3.      Defendants conspired for the purpose of impeding and hindering the due course of justice, with the intent to deny Petitioner equal protection of laws. *Johnson v. Zerbst, 304 U.S. 458, 58 S Ct. 1019.*

WHEREFORE, Petitioner demands judgment for violation of 42 U.S.C. 1983 against Defendants in his/her Official capacity, for actual damages in the amount of $100,000.00 and further demands judgment against each said Defendant jointly and severally, punitive damages in the amount of $50,000.00, plus the costs of this action, and such other relief deemed to be just and equitable. Punitive damages are recoverable in §1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reck-less or callous indifference to plaintiff's federally protected rights). *Smith v. Wade, 461 U.S. 30, 50-51(1983)*

## COUNT 2: 42 U.S.C. § 1983 and 1985 (2) (3) Conspiracy,

1.      At all times relevant, the conduct of all Defendant's was subject to U.S.C. § 1983 and 1985. Defendants have constantly obstructed justice according to law.

(2)     Obstructing justice; intimidating party, witness, or juror clearly justice was obstructed through conspiracy. Misleading the Petitioner to believe that the law date was

obtained and granted.

(3)     Plaintiff was deprived of rights and privileges. Two or more persons did

conspire to go in disguise to hold a law date depriving, then Defendant of equal

protection of the law.  Giving Petitioner an action for the recovery of damages occasioned

by such injury or deprivation, any one or more of the conspirators. Defendants are guilty

of conspiracy with another person or persons to commit a crime if with the purpose of

promoting or facilitating its commission he: (a) agrees with such other person or persons

that they or one or more of them will engage in conduct which constitutes such crime or

an attempt or solicitation to commit such crime; or (b) agrees to aid such other person or

persons in the planning or commission of such crime or of an attempt or solicitation to

commit such crime Model Penal Code, § 5.03.  Crime of conspiracy is distinct from the

crime contemplated by the conspiracy (target crime), *Com. v. Dyer 243 Mass. 472, 509,*

Members need not know all the details of the plan or the operations;

he must, however, know the purpose of the conspiracy and agree to become a party to a

plan to effectuate that purpose.  *Craig v. U.S., C.C.A.Cal., 81 F.2d 816, 822.*

WHEREFORE, Lenora Bromfield demands judgment for violation of 42 U.S.C. 1985

against all Defendants in his/her Official capacity, for actual, general, special, compensatory

damages in the amount of $100,000 and further demands judgment against each said Plaintiff's

jointly and severally, punitive damages in the amount of $50,000.00, plus the costs of this action,

and such other relief deemed to be just and equitable. Punitive damages are recoverable in §1985

suit where defendant's conduct is motivated by an evil motive or intent, or where it involves

reckless or callous indifference to plaintiff's federally protected rights).

COUNT 3: VIOLATION OF 42 U.S.C. §1983:
REFUSING OR NEGLECTING TO PREVENT

4.      At all times relevant to this Complaint Defendant's

      (a)      Conspired to violate the rights, privileges, and immunities guaranteed to by the
      (b)      Constitution and laws of the United States and the laws of the State of
               Connecticut; and

(b)      Otherwise depriving then defendant of his constitutional and statutory rights, privileges, and immunities.

(c)      At all times relevant to the matter, defendants neglected to prevent an injury to Petitioner, knowing that they possessed no order to hinder, and impede on Petitioners rights.

(d)      Also not having sufficient evidence to proceed with a Law date.

(e)      The proper procedure was not followed according to the law

(f)      The Court neglected to prevent the law date

     WHEREFORE, Lenora Bromfield demands judgment against both Defendants for

actual, general, damages in the amount of $100,000 and further demands judgment against said

Official's in their personal capacity $50,000.00

COUNT 4: MALISCIOUS ABUSE OF PROCESS

     The Petitioner in this action alleges that the Defendants are liable for abuse of process.

There are two basic elements necessary to sustain the cause of action of abuse of process.  They

are (1) that the Defendant's made an improper, illegal, and perverted use of the legal procedure,

his/her resort to the legal process was neither warranted nor authorized by law, and

(2) that defendant had an ulterior motive in initiating the legal process.  In other words, abuse of

process is the misuse or misapplication of the legal procedure in a manner not contemplated by

law.  Officials have intentionally, maliciously abused the legal process to damage Plaintiff.

Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing

an action or causing process to issue without justification, but misusing, or misapplying process

justified for an end other than that which it was designed to accomplish.  The purpose for

which the process is used, once it is issued, is the only thing of importance.  Consequently, in an

action for abuse of process it is unnecessary for defendant to prove that the proceeding has

terminated in his favor, or that the process was obtained without probable cause or in the course

of a proceeding begun without probable cause.  It is often said that proof of "malice" is required;

but it seems well settled that, except on the issue of punitive damages, this does not mean spite or

ill will, or anything other than the improper purpose itself for which the process is used, and that

even a pure spite motive is not sufficient where process is used only to accomplish the result for

which it was created.  The elements necessary to sustain that claims are the use of process in a

manner improper in the regular conduct of the proceeding and the existence of an ulterior

motive. *Nadeau v. State, 395 A. 2d 107, 117 (Me.1978*) Malicious prosecution is the common

ingredient of an improper purpose, i.e., using court proceedings primarily to gain a private

advantage, because of hostility and ill will, and without belief by the accuser in the guilt of the

accused.  Defendants maliciously used the "legal abuse of process" to accomplish some ulterior

purpose for which it was not designed or intended, or which was not the legitimate purpose of

the process employed. *Caroll v. Gillispie, 14 Mass. App. Ct. 12, 26 (1982*).  Defendants

knew that they did have sufficient evidence to sale the property. The property was never

prosecuted in the proper manner. Yet they did not give notice to Plaintiff after the first sale of the

subject property. Which is a fraudulent transfer on the subject property.

   WHEREFORE, Petitioner demands judgment against both Defendants and the State of

Connecticut or actual, general, damages in the amount of $100,000 and further demands

judgment against said Official's in their personal capacity $50,000.00.

COUNT 5: TITLE 18 241 & 242 Conspiracy

All Defendants have conspired to deprived Petitioner of her Constitutional rights. A private party maybe considered to have acted under color of state law, however, when he engages in a conspiracy or acts in concert with state agents to deprive a Defendant of his constitutional rights. *Tower v. Glover, 467 U.S. 914, 920 (1984); Fonda v. Gray, 707 F.2d 435, 437 (9th Cir.1983)*. Counties may be liable for damages arising from civil rights violations if the alleged deprivation of rights resulted from an official policy, practice, or custom. *Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978)*. Defendants did not have sufficient evidence to proceed with a Law date. The defendants are not in possession of and never will be in possession of a valid court order for the Law date of the subject property.

WHEREFORE, Petitioner demands judgment against all Defendants for actual, general, damages in the amount of $100,000.00 and further demands judgment against said Official's in their personal capacity $50,000.00.

COUNT6: INTENTION OF EMOTIONAL DISTRESS

1. Officials acted intentionally or recklessly; and
2. Official's conduct was extreme and outrageous; and
3. Official's acts are the cause of the distress; and
4. Lanora Bromfield suffers severe emotional distress as a result of Officials conduct.

Some general factors that will persuade that the conduct was extreme and outrageous: (1) There was a pattern of conduct, not just an isolated incident; (2) the plaintiff was vulnerable and the defendant knew it; (3) the defendant was in a position of power; (4) the defendant. Plaintiff's intentionally maliciously, harass, defame, and emotionally distress Defendant.

*Hustler Magazine v. Falwell 485 U.S. 46 (1988)* Extending standard to intentional infliction of emotional distress. A person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by

providing false information, causes such restraint to be imposed.  "Extreme and outrageous

conduct is not required if the emotional distress resulted from the commission of another tort.

*American Velodur Metal, Inc. v. Schinabek. 20 Mass. App. Ct. 460, 470-471 (1985).*

WHEREFORE, Petitioner demands judgment against Defendants for actual, general,

damages in the amount of $100,000.00 and further demands judgment against said Official's in

their personal capacity $50,000.00.

## COUNT 7: MAIL FRAUD

Defendants intentionally sent correspondence via U.S. Mail to Petitioner when they

fraudulently sent mail pertaining to a null and void Sheriff's Sale. The use of the mails to defraud

is a federal offense requiring the government to prove a knowing use of the mails to execute the

fraudulent scheme. *U.S. Dondich (C.A.Cal.), 506 F.2d 1009.* Elements of "mail fraud" are a

scheme to defraud and the mailing of a letter for the purpose of executing the scheme. *U.S. v.*

*Scoblick, D.C.Pa., 124 F. Supp. 881, 887. See 18 U.S.C.A. §§1341, 1342* See using mail to

defraud.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, general,

damages in the amount of $100,000 and further demands judgment against said Official's in their

personal capacity $50,000.00

## COUNT 8:  FRAUD

At all times relevant to this matter, CMC knew that the loan was fraudulent.  Upon

an astute observation of the procedure to purchase the property there was fraud in

the factum. At all times relevant to this matter, Petitioner was not aware of being induced into

signing the promissory note. Petitioner was not aware of the lender obtaining the promissory

note, and the profit thru the mortgage back security scheme of CMC. The fraudulent

concealment or suppression of a material fact or circumstance which the party is legally or

morally bound to disclose. *Magee v. Insurance Co., 92 U.S. 93, 23 l.Ed.699; Small v. Graves, 7*

*Barb., N.Y., 578.* Petitioner was not aware of the underlining fraudulent concealment of the

procedure by Defendants. Ignorance of the law is no excuse. *Marbury v. Madison CRANCH 5*

*U.S. 137 (1803)* Providing evidence the Sheriff's department has a fraudulent conversion of the

subject property. In which there has been a receiving into possession money or property of

another and fraudulently withholding, converting, or applying the same to or for one's own use

and benefit, or to use and benefit of any person other than the one to whom the money or

property belongs. *Commonwealth v. Mitchneck, 130 Pa.Super. 433, 198 A. 463, 464. Bank*

*of New York Mellon vs. Donald Orlando, FST-CV13-6018500-S,* "Indeed, once the question of

lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is

presented… The court must fully resolve it before proceeding further with the case. "Deutsche

*Bank National 7i-usty Company v. Bialobrzeski, 123 Conn. App. 791, 798 (2010).* "It is then

plaintiff who bears the burden of proving subject matter jurisdiction, whenever and how ever

raised*." Deutsche Bank National Trust Company. Thompson, 163 Conn. App. 827, 836*

*(2016).* "The objection of want of jurisdiction maybe made at any time and the court or tribunal

may act on its own motion, and should do so when the lack of jurisdiction is called to its

attention…The requirement of subject matter jurisdiction cannot be waived by any party and can

be raised at any stage in the proceedings. "*Fort Trumbull Conservancy, Lf, CV. New London,*

*265 Conn. 423, 430-31 (2003).*

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, general,

damages in the amount of $100,000 and further demands judgment against said Official's in their

personal capacity $50,000.00

DAMAGES

As a direct and proximate result of the Officials conduct, Petitioner has continued to suffer, Physical and mental anguish and psychological and emotional distress, as well as injury to reputation and humiliation, and irreparable harm. Compensatory, punitive, exemplary, and financial damages are true and correct.

Because the Constitution does not directly provide for damages, Petitioner must proceed under one of the civil rights statutes that authorizes and award of damages, for alleged constitutional violations. *F.3d 1296 (6th Sanders v. Prentice-Hall Corp. Sys. 178 Cir. 1999).* Pleadings in this case are being held in Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. *Haines v. Kerner 92 Sct 594, also See Power 914 F.2d 1459 (11th Cir 1990)*

WHEREFORE, Plaintiff demand judgment against the Defendants and the State of Michigan exceeding the Court's jurisdictional amount to be determined as well as the costs of pursuing this action. At all times defendants knew or should have known that they were acting in concert to violate clearly established law. *Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 142 F.3d, 293 (6th Cir. 2002*) If by your dishonor you fail to state a claim by which relief can be granted. Your acquiesance equates to agreement of fraud and cause of injury to Plaintiff. Upon your acquiesance you agree to a free and clear deed of the subject property. The prayer amount for the injury caused to Petitioner 2.8 Million in U.S.Currency per Defendant.

Respectfully submitted,

_____

Lenora Bromfield
66 Washington Terrace
Bridgeport, CT 06604

## AFFIDAVIT OF THE FACTS

State of      ) Conn

            ) : ss BPT

County      ) FAIRFIELD

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

"In deed, no more than (affidavit) is necessary to make the prima facie case." United States
v. Kis, 658 F.2nd, and 526 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.L.W. March 22,
1982.

Affiant being of sound mind and over the age of twenty-one being first duly sworn under the
penalty or perjury.  Certify on unlimited commercial liability that the contents are of affiant's
own firsthand knowledge.  Affiant does solemnly swear, depose say and declare; that affiant has
personal knowledge and belief of the facts stated herein.  That affiant is competent to state the
matter set forth herein; that affiant has personal knowledge and belief of the facts stated herein;
and all facts stated herein are true, correct, and complete, nor misleading, the truth, the whole
truth, and noting but the truth.

1) Affiant states that Affiant all statements, exhibit, law, and facts are true and correct.
2) Affiant states that Affiants rights have been violated by the Defendants.

_Lenora Bromfield_ Autograph

ACKNOWLEDGEMENT

State of   CT            )

                ) Scilicet

County FAIRFIELD     )

SUBSCRIBED TO AND SWORN before me this   6   day of OCT A.D. 2020 2020. A Notary,
That  Lenora Bromfield        , personally appeared and known to me to be
The named subscribed to the within instrument and acknowledge to be the same.

_Mitchell Robles_       Seal;

Notary Public in and for said State My commission expires;   4/30/2023

MITCHELL ROBLES
NOTARY PUBLIC
My Commission Expires April 30, 2023

Acct. # 85286

CERTIFICATE OF SERVICE

     I certify that the original of the foregoing Complaint was sent to all the Defendants listed below.  Sent this day _____ of _____, 2020.

BANK OF AMERICA NA SUCCESSOR
BY MERGER TO BAC HOME
50 Weston St.
Hartford, CT 06120
     Kevin Polansky Defendant,

MCALLA RAYMER LEIBERT PERICE LLC
50 Weston St.
Hartford, CT 06120
     Kevin Polansky Defendant,

CAYO & ASSOCIATES, LLC
1018 Broad St.
Bridgeport CT. 06604
     Andrew Cayo, Defendant,


MCALLA RAYMER LEIBERT PERICE LLC
50 Weston St.
Hartford, CT 06120
Jeffrey Knickerbocker,
     Defendant,

AGNELLI REAL ESTATE
39 New London Turnpike, Suite #200
Glatonbury, CT 06033
     Defendant, James Macchio
and

AGNELLI REAL ESTATE
39 New London Turnpike, Suite #200
Glatonbury, CT 06033
     Defendant Sheldon E. Haag,

 

             Respectfully submitted,

             _____

             Lenora Bromfield
             66 Washington Terrace
             Bridgeport, CT 06604

## AFFIDAVIT OF THE FACTS

State of      )
               ) : ss
 County     )

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

"In deed, no more than (affidavit) is necessary to make the prima facie case." United States
v. Kis, 658 F.2nd, and 526 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.L.W. March 22,
1982.

Affiant being of sound mind and over the age of twenty-one being first duly sworn under the
penalty or perjury.  Certify on unlimited commercial liability that, the contents are of affiant's
own firsthand knowledge.  Affiant does solemnly swear, depose say and declare; that affiant has
personal knowledge and belief of the facts stated herein.  That affiant is competent to state the
matter set forth herein; that affiant has personal knowledge and belief of the facts stated herein;
and all facts stated herein are true, correct, and complete, nor misleading, the truth, the whole
truth, and noting but the truth.

1) Affiant states that Affiant all statements, exhibit, law, and facts are true and correct.
2) Affiant states that Affiants rights have been violated by the Defendants.


_____Autograph

ACKNOWLEDGEMENT

State of _____)
                 ) Scilicet
County_____)

SUBSCRIBED TO AND SWORN before me this_____day of ____A.D. _____2020. A Notary,
That_____, personally appeared and known to me to be
The named subscribed to the within instrument and acknowledge to be the same.

_____Seal;
Notary Public in and for said State My commission expires; _____

SUPERIOR COURT
JUDICIAL DISTRICT OF FAIRFIELD
AT BRIDGPORT

Lenora Bromfield                          DOCKET NO: FBTCV126029073S
     Petitioner,

-vs.-
                                          NOTICE OF REMOVAL
BANK OF AMERICA NA SUCCESSOR              TITLE 28 USC §1446
 et. al.
     Defendant,

_____

     Now comes Petitioner, to give notice to all parties in this case a Notice of Removal.

The removal is to the District Court case # _____moved on this _____

date of _____2020.


                                          Respectfully submitted,

                                          _____
                                          All rights reserved
                                          Lenora Bromfield
                                          66 Washington Terrace
                                          Bridgeport, CT 06604