**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LENORA BROMFIELD,<br>    Plaintiff, | No. 3:20-cv-1529 (SRU) |
| v. | |
| KEVIN PATRICK, et al.,<br>    Defendants. | |

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER**

This case arises out of an ongoing eviction proceeding in state court. Plaintiff Lenora Bromfield ("Bromfield"), proceeding *pro se*, moves this Court to issue a temporary restraining order halting that proceeding. Doc. No. 15. For the reasons that follow, Bromfield's motion, styled as "Emergency Request for Preliminary Injunction", is **denied**.

## I.    BACKGROUND

### A.    State Court Proceedings[1]

In January 2008, Bromfield took out a mortgage on her home, that is, 66 Washington Terrace, located in Bridgeport, Connecticut. *See* Mot. for Leave, Doc. No. 17, at ¶ 11. Lend-Mor Mortgage Bankers Corporation, a New York Corporation, was the first mortgage holder.[2] *Id.* By 2012, the property became subject to foreclosure proceedings. *See Bank of America NA Successor by Merger to Bac Home v. Bromfield, Lenora*, Dkt. No. FBT-CV12-6029073-S (Conn. Super. Ct. filed July 24, 2012) (hereinafter, "Foreclosure Case"). On July 24, 2012, Bank of

---

[1]    In this recitation of the background of this case, the Court takes judicial notice of the underlying foreclosure and eviction actions in conformance with Federal Rule of Evidence 201. *See* Fed. R. Evid. 201 (permitting judicial notice of documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) ("The New York State . . . prosecution of [the defendant] is a matter of public record, of which we take judicial notice.").

[2]    Since that time, the mortgage has been assigned several times. *Id.*

America N.A., the first assignee of the mortgage, commenced a foreclosure action via summons and complaint in Connecticut Superior Court at Bridgeport. *See Foreclosure Case.* On October 13, 2015, the Honorable Alfred Jennings entered a judgment of strict foreclosure in favor of Bank of America N.A. *Foreclosure Case*, Dkt. No. 110.50.

For nearly four years, the foreclosure case stalled; first by several extensions of the law day in state court;[3] and second, with Bromfield's filing of two bankruptcy petitions and subsequent appeals in state and federal court. *Foreclosure Case*, Dkt. Nos. 137.00, 141.00, 146.00, 153.00, 163.00. Consequently, it was not until February 2020 when title officially vested in the mortgagee, which at the time was GMAT Level Title Trust 2013-1, U.S. Bank National Association ("GMAT"). *Foreclosure Case*, Dkt. 184.10. On November 4, 2020, GMAT conveyed its ownership title to Residential Rental, LLC ("Residential Rental"). *See Residential Rental LLC v. Bromfield, Lenora et al.*, BPH-CV22-6011470-S (Conn. Super. Ct. filed Aug. 2, 2022) (hereinafter, "Eviction Case"), Dkt. No. 100.31.

Despite title vesting in Residential Rental, Bromfield remains in possession of the property. To evict Bromfield, Residential Rental commenced a summary process action via summons and complaint in the Connecticut Superior Court at Bridgeport on August 2, 2022. *See Eviction Case*. The state court scheduled a hearing on Bromfield's motion for August 29, 2022, which was continued to September 16, 2022. *See Eviction Case*, Dkt. Nos. 104.00, 105.00, 105.10. Bromfield failed to appear at trial, and the Honorable John Cirello entered judgment of possession in favor of Residential Rental. *Eviction Case*, Dkt. No. 106.00. The same day that judgment entered, Bromfield filed motion to open the judgment, claiming that she had be told to

---

[3]   In Connecticut, the "law day" is the date after which a mortgagor loses the ability to redeem a mortgage should the mortgagor fail to satisfy the debt by that date. *See JP Morgan Chase Bank v. Gianopoulos*, 30 A.3d 697, 701 (Conn. App. 2011).

appear on a different date. *Eviction Case*, Dkt. No. 108.00. Judge Cirello denied her motion. *Eviction Case*, Dkt. No. 108.10. On October 11, 2022, Bromfield appealed that decision, and that appeal remains pending. *Eviction Case*, Dkt. No. 113.00; *See Residential Rental, LLC v. Lenora Bromfield, et al.*, Dkt. No. AC 45894 (Conn. App. Ct. filed Oct. 11, 2022).

      B.      <u>Federal Court Proceedings</u>

In October 2020, Bromfield commenced this federal action. *See* Compl., Doc. No. 1. I dismissed her case without prejudice because she had failed to serve the defendants. *See* Order, Doc. No. 14. Two years later, and on the same day that Bromfield appealed the aforementioned state court decision, Bromfield filed the instant temporary restraining order. Doc. No. 15. She also filed a motion to reopen her case and a motion to amend her complaint. Doc. Nos. 16–17.

The gravamen of Bromfield's complaint is that her attorney, Andre Cayo, was hired to assist her with restructuring her loan but failed to do so. *See* Mot. for Leave, Doc. No. 17, at ⁋ 2. Based on that conduct, her federal complaint raises several federal and state law claims against Cayo, and his respective law firms, Cayo and Associates, LLC and Andre Cayo, LLC. *Id.* Separately, she requests in the motion for an emergency preliminary injunction that this Court immediately stay the state court eviction proceedings until this federal case is resolved. *See* Doc. No. 15, at ⁋ 1.

## II.    STANDARD OF REVIEW

To prevail on a motion for a temporary restraining order, a movant must demonstrate "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (cleaned up).

Courts apply a more stringent burden of proof when a movant seeks a "mandatory preliminary injunction that alters the status quo," rather than a "prohibitory injunction seeking only to maintain the status quo." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). In that instance, a movant must demonstrate a "clear" or "substantial" likelihood of success on the merits.  *See Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008).

Because Bromfield proceeds *pro se*, I must construe her filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## III.   DISCUSSION

Bromfield requests a "[p]reliminary injunction to stop the [e]xecution at the Bridgeport [h]ousing [c]ourt." Doc. No. 15, at ¶ 2. The threshold issue, therefore, is whether the Anti–Injunction Act and/or the *Younger* abstention doctrine preclude this Court from granting Bromfield the preliminary injunctive relief she seeks. In short, both doctrines preclude relief.

Under *Younger v. Harris*, 401 U.S. 37, 91 (1971), federal courts must abstain from exercising their jurisdiction where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).[4]

The requirements of *Younger* abstention are met here. First, the eviction proceeding is still pending because it is currently on appeal. *See Eviction Case*, Dkt. No. 113.00. Second, the

---

[4]     As an exception to *Younger*, a federal court may "intervene in a state proceeding upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (quoting *Younger*, 401 U.S. at 54). None of the narrow exceptions to *Younger* abstention apply here.

proceeding concerns the disposition of real property and hence implicates important state interests. *See Clark v. Bloomberg*, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (*Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests"). And third, Bromfield has not alleged any reason to doubt that the state proceeding provides Bromfield with an adequate forum to raise any pertinent federal claims. *See Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 78 (2d Cir. 2003) (holding that, to avoid *Younger* abstention, plaintiffs "must demonstrate that state law bars the effective consideration of their [federal] claims"). In fact, the instant motion does not specify what, if any, federal claims Bromfield wishes to raise but cannot in state court. Taken together, *Younger* bars this Court from enjoining the state court eviction proceeding.

Alternatively, the Anti-Injunction Act, 28 U.S.C. § 2283, bars a federal court from enjoining ongoing state court proceedings, including those relating to eviction. *See, e.g., Markey v. Ditech Fin. LLC*, 2016 WL 5339572, at *2 (D. Conn. Sept. 22, 2016) (denying motion for temporary restraining order based on the Anti-Injunction Act where plaintiff sought "stay of … summary process [eviction] action"); *Allen v. N.Y. City Hous. Auth.*, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti–Injunction Act bars a federal court from enjoining state-court eviction proceedings.") (collecting cases).[5]

## IV.    CONCLUSION

---

[5]     There are three narrow exceptions to the Anti-Injunction Act. "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction and (iii) the need to protect or effectuate the federal court's judgments." *Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 60 (2d Cir. 1990) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287–88 (1970)). None of those situations is present here.

For the foregoing reasons, Bromfield's motion for an emergency preliminary injunction, doc. no. 15, is **denied** without prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of October 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge