UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LENORA BROMFIELD,<br>   Plaintiff,<br><br>  v.<br><br>KEVIN PATRICK, et al.,<br>   Defendants. | No. 3:20-cv-1529 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

  In October 2022, Lenora Bromfield ("Bromfield") filed a motion for a temporary restraining order, requesting that her ongoing state court eviction proceedings be enjoined. *See* Emergency Mot. for Prelim. Injunction ("TRO"), Doc. No. 15. The motion was denied. *See* Order, Doc. No. 20. Bromfield has now filed a motion for reconsideration of that decision. *See* Mot. for Reconsideration, Doc. No. 23. For the following reasons, the motion for reconsideration, doc. no. 23, is **denied**.

  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (cleaned up). This district's local rules state that "[s]uch motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018)

(citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

The strict standard for reconsideration is not met here. In Bromfield's original motion, she requested a "[p]reliminary injunction to stop the [e]xecution at the Bridgeport [h]ousing [c]ourt." TRO, Doc. No. 15, at ¶ 2. In my ruling on the temporary restraining order, I abstained from reaching the merits of Bromfield's claim, holding that the Anti–Injunction Act and the *Younger* abstention doctrine precluded this Court from granting Bromfield the injunctive relief she sought. *See* Order, Doc. No. 20, at 4–5. Nevertheless, Bromfield repeats her previous arguments in the motion for reconsideration, requesting that this Court "issue the [i]njunction (or whatever name you would like to give it) to stay the [h]ousing [c]ourt until this case can be resolved." Mot. for Reconsideration, Doc. No. 23, at ¶ 7. In her view, such relief is warranted because she has been taken advantage of by her attorneys; arguments that she previously raised, but ultimately have no bearing on this Court's jurisdiction for reasons previously articulated in my prior ruling. Moreover, Bromfield points to no decisions or controlling data I overlooked in my original decision. Although I am sympathetic to Bromfield's position, this Court cannot interfere with the state court eviction proceedings. Therefore, the motion for reconsideration, doc. no. 23, must be **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of August 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge